IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PROGRESSIVE CASUALTY  INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:20CV960 |
| FUTURE VAN LINES, LLC,  BRANDON ROSEBORO, VECCHIO  MCKETHEAN, PENSKE TRUCK  LEASING CORPORATION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, Progressive Casualty Insurance Company ("Progressive"), initiated this action on October 20, 2020, against Defendants, Future Van Lines, LLC ("Future"), Brandon Roseboro ("Roseboro"), Vecchio McKethean ("McKethean"), and Penske Truck Leasing Corporation ("Penske"), seeking Declaratory Judgment. (ECF No. 1.) Before the Court is Roseboro's Motion to Dismiss pursuant to Rule 12(b)(2). (ECF No. 15.) Alternatively, Roseboro requests that the Court transfer venue under 28 U.S.C. § 1404(a) or decline to exercise jurisdiction under 28 U.S.C. § 2201. (*Id.*) For the reasons stated below, Roseboro's motion will be granted in part.

**I.     BACKGROUND**

On or about July 18, 2019, Defendant Penske, a Delaware corporation with its principal place of business in New Jersey, leased a 26-foot-long 2020 panel truck to Defendant Future,

a Maryland corporation. (ECF No. 1 ¶ 5, 9.) Future assigned its employees, Defendants McKethean and Roseboro, citizens of Maryland and Washington, D.C., respectively, to use the truck "to transport and deliver furniture from Maryland to Georgia." (*Id.* ¶¶ 3–4, 10–11.) While enroute from Maryland to Georgia, the truck was involved in an accident in North Carolina. (*Id.* ¶ 12.) On June 22, 2020, Roseboro, an employee passenger in the truck, filed a lawsuit in the Circuit Court for Montgomery County, Maryland, against Future and McKethean for negligence. (*Id.* ¶ 20; ECF No. 1-2 at 15–18.) "At the time of the [a]ccident, Future was insured under a Commercial Auto Policy issued by Progressive." (ECF No. 1 ¶ 13.) Progressive provides a copy of the insurance policy attached to the Complaint, (*see* ECF No. 1-1), and includes the relevant policy provisions within the Complaint, (*see* ECF No. 1 ¶ 14.)

Progressive seeks declaratory judgement alleging that the policy affords no coverage for the accident: (1) because "the [a]ccident did not arise out of the ownership, maintenance, or use of a covered auto under the" policy, (*Id.* ¶ 22); (2) because "of the exclusion for bodily injury to a fellow employee," (*Id.* ¶ 23); and (3) because of "Future's failure to cooperate with Progressive's investigation of the [a]ccident," (*Id.* ¶ 24). Moreover, Progressive contends that even if the policy does afford coverage, "Progressive's obligation to indemnify is limited to the minimum levels of financial responsibility required by applicable law." (*Id.* ¶ 25.)

## II.      MOTION TO TRANSFER VENUE

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

consented." 28 U.S.C. § 1404(a). Such requests for a transfer of venue are "committed to the sound discretion of the district court." *Jenkins v. Albuquerque Lonestar Freightliner, LLC*, 464 F. Supp 2d 491, 493 (E.D.N.C. 2006). When ruling on a motion to transfer, courts should consider:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

*Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 527 (M.D.N.C. 1996). The "analysis of these factors is qualitative, not merely quantitative." S*peed Trac Techs., Inc. v. Estes Express Lines, Inc.*, 567 F. Supp. 2d 799, 803 (M.D.N.C. 2008) (quoting *Commercial Equip. Co. v. Barclay Furniture Co.*, 738 F. Supp. 974, 976 (W.D.N.C. 1990)). Ultimately, the party seeking transfer "has the burden of persuasion and must show (1) more than a bare balance of convenience in his favor and (2) that a transfer does more than merely shift the inconvenience." *Datasouth Comput. Corp. v. Three Dimensional Techs., Inc.*, 719 F. Supp. 446, 451 (W.D.N.C. 1989) (internal quotations omitted).

"[I]t is well settled that the federal Declaratory Judgment Act . . . does not add to the jurisdiction of the court but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction." *Carbide & Carbon Chemicals Corp. v. U.S. Indus. Chemicals*, 140 F.2d 47, 50 (4th Cir. 1944) (internal

quotations omitted). Thus, transfer of a declaratory judgment action is governed by 28 U.S.C. § 1404(a), which authorizes transfer to any district where the action could have originally been filed. 28 U.S.C. § 1404(a). Under § 1391(b), venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." § 1391(b)(1)–(2).

In this case, Progressive could have sought declaratory judgment either in this District as the accident occurred here, or in the District of Maryland as Future and McKethean are residents of Maryland and a substantial part of the events giving rise to the claim occurred in Maryland, including that the contract giving rise to the suit was entered into in Maryland. (*See* ECF Nos. 1 ¶¶ 2, 4, 12; 1-2 at 15.) Having concluded that transfer is permissible, the Court now turns to the relevant discretionary factors to determine if transfer is warranted.

### A. The Plaintiff's Initial Choice of Forum

"The plaintiff's choice of forum generally is entitled to respect and deference and should rarely be disturbed." *Speed Trac*, 567 F. Supp. 2d at 803 (internal citation and quotations omitted). This usual deference is heightened when a plaintiff sues in its home state, *see Campbell v. Apex Imaging Servs., Inc.*, Nos. 1:12CV1366, 1:12CV1365, 2013 WL 4039390, at *4 (M.D.N.C. Aug. 7, 2013), and diminished when the plaintiff's choice of forum has little connection to the action, *see Parham v. Weave Corp.*, 323 F. Supp. 2d 670, 674 (M.D.N.C. 2004) ("[T]he deference given to the plaintiff's choice is proportionate to the relation between the forum and the cause of action.").

Here, the Court accords little deference to Progressive's choice of forum. Progressive did not bring this action in its home state of Ohio; nor did it bring the action in the home state of its insured Future, which is Maryland: the state in which the contract was negotiated and entered. Rather, Progressive sought declaratory relief in North Carolina where the accident occurred. However, North Carolina has little connection to Progressive's declaratory judgment action. None of the parties to this suit are located in North Carolina: the parties are not citizens or residents of North Carolina, nor are they incorporated in or have their principal place of business in North Carolina. (*See* ECF No. 1 ¶¶ 1–5.) Moreover, Progressive's declaratory judgment action is one of contract interpretation and will turn on the meaning of certain policy provisions—not on the details of the North Carolina accident. Therefore, this factor favors transfer of venue.

### B. Relative Ease of Access to Sources of Proof

The second factor, relative ease of access to sources of proof, likewise favors transfer to Maryland. "In weighing this factor, courts consider the relative ease of access to witnesses and other evidence for trial." *Speed Trac*, 567 F. Supp. 2d at 804. Here, Roseboro argues that "[a]ll pertinent witnesses, documents, and evidence regarding said factual issues are in Maryland." (ECF No. 15 ¶ 7.) Progressive responds arguing that this assertion is incorrect and that (1) "[c]overage issues will turn on what happened on the ground in North Carolina"; and (2) the declaratory judgment action will require the resolution of certain issues including "whether Roseboro was acting in the course and scope of his employment, his position in the vehicle at the time of impact, and his actions before, during, and after the collision." (ECF No. 20 at 6.) However, despite this argument by Progressive, it subsequently argues that its

5

suit is one regarding contract interpretation and that "the underlying issue before this [C]ourt seeks a determination of whether the [policy] extends coverage to Future." (*Id.* at 13.)

The Court finds that this case will not turn on the events of the North Carolina accident; rather, in seeking a declaratory judgment, Progressive is specifically requesting that this Court enter an Order holding that (a) the policy does not afford coverage for losses sustained in the accident; (b) the policy does not require Progressive to defend and indemnify Future, McKethean, and others, all of whom either live or are incorporated in Maryland and not North Carolina; and (c) the MCS-90 does not obligate Progressive to defend or indemnify Future, McKethean, and others. (ECF. No. 20 at 8.)  None of the individuals or entities involved in the resolution of these issues live in or are incorporated in North Carolina, including Progressive.  The vast majority live in or are incorporated in Maryland.  Even if, as Progressive argues, the declaratory judgment action will require the resolution of "whether Roseboro was acting in the course and scope of his employment, his position in the vehicle at the time of impact, and his actions before, during, and after the collision," (*Id.* at 6), this Court's analysis will not change since Maryland law will likely apply to some of these issues as well. Progressive has not identified any potential North Carolina witnesses critical to the resolution of such issues.  Therefore, "it appears that [Maryland] would be far more convenient for the great majority of the witnesses in the case"—a factor that weighs heavily in favor of transfer. *See Lab. Corp. of Am. Holdings v. Schumann*, 474 F. Supp. 2d 758, 768 (M.D.N.C. 2006).

### C. Cost of Obtaining Attendance of Willing and Unwilling Witnesses

Here, there is no indication by either party that any witness will be unwilling to participate in this litigation.  Thus, the Court's analysis of the third discretionary factor—the

6

cost of obtaining attendance of willing and unwilling witnesses—folds into the analysis related to ease of access to proof, further bolstering Roseboro's case for transfer.

### D. Diversity Case Implicating Questions of State Law or Conflicts of Law

Progressive brought this action in this Court under diversity jurisdiction. In its Complaint, Progressive asserts that "[j]urisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs." (ECF No. 1 ¶ 7.) Progressive concedes that the issues of "whether the policy provides coverage and whether the policy requires Progressive to defend and indemnify, will be controlled by Maryland state law." (ECF No. 20 at 10.) While this Court does not conclude that the issues involved in this case are so complex that they could not be decided by a federal court sitting in North Carolina which is fully capable of interpreting Maryland law, the Court has concluded that Maryland does have a far greater interest in this litigation because it is the forum at home with the state law that will likely govern this action.

### E. Local Interest in Having Localized Controversies Settled at Home

The ninth factor—the local interest in having localized controversies settled at home—reflects the judgment of the federal courts that "litigation should take place in the federal judicial district or division with the closest relationship to the operative events." *Speed Trac*, 567 F. Supp. 2d at 804. Here, Maryland has a closer relationship with the operative events because it has a substantial connection with the heart of the matter: Progressive's duties and obligations under the insurance policy. The insurance policy was entered into in Maryland by Future—a Maryland limited liability company, and Maryland law will likely apply in examining

the contract as well as some, if not all, of the other issues raised by Progressive. Thus, this factor weighs in favor of transfer.

### F. Remaining Factors

The remaining factors are not germane to this inquiry. No view of a premises is necessary; neither party alleges there will be difficulty obtaining a judgment or a fair trial; and neither party argues administrative difficulties of court congestion or other practical problems that will result in a difficult, delayed or expensive trial. *See Plant Genetic Sys.*, 933 F. Supp. at 527.

In reviewing the relevant factors, the Court finds that transfer is appropriate since (1) the deference owed to Progressive's initial choice is diminished due to a limited connection to North Carolina; (2) sources of proof will be easier to access in Maryland; (3) there is no indication that witnesses will be unwilling to participate in this litigation; (4) Maryland state law appears to govern portions of this action; and (5) Maryland has a stronger interest in resolving this dispute because its connection to the case is clear while North Carolina's is tenuous at best.

Accordingly, the Court concludes that it would further the interests of justice and the convenience of the parties and potential witnesses to transfer this matter to the District of Maryland. Thus, Roseboro's motion to transfer will be granted.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Roseboro's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), (ECF No. 15), is **GRANTED** and the Clerk of Court shall transfer this action to the United States District Court for the District of Maryland.

**IT IS FURTHER ORDERED** that upon transfer of this action the proceedings in this Court shall be terminated.

This the 27th day of September 2021.

/s/ Loretta C. Biggs
United States District Judge